**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4939**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

TROY GROSS, SR.,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:07-cr-00132-RDB)

───────────

Submitted: September 16, 2008     Decided: September 18, 2008

───────────

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Sol Z. Rosen, Washington, D.C., for Appellant.  Rod J. Rosenstein,
United States Attorney, Bonnie S. Greenberg, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy Gross, Sr., pled guilty pursuant to a written plea agreement to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), and (f) (2000) (Count One), and two counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (2000) (Counts Two and Five). The district court sentenced Gross to 262 months' imprisonment as to Count One, 84 months' imprisonment as to Count Two to run consecutive with Count One, and 300 months' imprisonment as to Count Five to run consecutively to Counts One and Two, for a total term of 646 months' imprisonment.

Gross challenges his conviction and sentence, asserting on appeal that the district court erred in denying his motion to withdraw his guilty plea. Gross contends that his plea was not knowing and voluntary because he was "confused" as to his maximum imprisonment exposure. He claims he did not know that the Government's filing of the notice pursuant to 18 U.S.C. § 3559 would have required that the district court impose a life sentence if it found Gross's prior convictions to be valid and appropriate predicate offenses under § 3559. As the mandatory life imprisonment requirement under § 3559 was Gross's only basis for challenging the validity of the Fed. R. Crim. P. 11 colloquy, the Government moved to withdraw its notification to seek enhanced penalties, and the court granted the Government's motion. In its

2

discretion, the district court then declined to impose a life sentence upon Gross, instead sentencing him as set forth above.

We review for abuse of discretion the district court's denial of a motion to withdraw a guilty plea. United States v. Ubakamma, 215 F.3d 421, 424 (4th Cir. 2000). Our review of the record discloses that the district court properly determined that once the Government withdrew its § 3559 notice, there was no basis for Gross's motion to withdraw his plea, because the only reason Gross proffered to support his motion was his apparent misunderstanding about whether a sentence of life imprisonment would be mandatory. The record reflects that Gross clearly was made aware that, following the Government's withdrawal of its § 3559 notice, it remained within the district court's discretion to sentence him to life imprisonment at the time he pled guilty.

In denying Gross's motion to withdraw his plea, the district court considered the factors set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), as well as the requirements of Rule 11, and properly determined that the sole basis for Gross's motion to withdraw was removed when the Government withdrew its § 3559 notice. Hence, we find that Gross failed to meet his burden of demonstrating that a "fair and just reason" supported his request to withdraw his plea. Id.

Accordingly, we affirm the district court's denial of Gross's motion to withdraw his plea, and affirm Gross's conviction

and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED